OPINION OF THE COURT
William Rigler, J.
In this matrimonial action, the parties are hotly contesting the issue of who should be permitted access to information contained in a notebook computer. It is undisputed that the computer was used by defendant as part of his employment but it is disputed as to whether the computer was also used for his own personal purposes. Plaintiff removed the computer *322 from the marital residence and gave it to her attorney. Plaintiff believes important information concerning the finances of the parties or at least the finances of defendant is stored in the computer memory. Defendant asserts that there is nothing of use to plaintiff in the computer and that it was improper for plaintiff to take the machine to her attorney’s office. The only way to determine if plaintiff is correct is for the contents of the computer memory to be opened up or "dumped” and analyzed. Defendant’s employer, Citibank, has also entered the matter by asserting that the notebook computer belongs to the corporation and not defendant and thus should be turned over to it.
ANALYSIS
The court is presently in control of the laptop computer removed from the marital residence by plaintiff. Defendant contends that the computer is personal property (allegedly not owned by him) and thus not subject to discovery.
The facts are undisputed that the laptop computer was used and controlled by defendant and was not limited in use by his employer. In fact, defendant permitted his children to use the computer for their homework. Thus, it cannot be said that plaintiff acted illegally by removing the "family” computer from the marital residence and presenting it to her attorney.
The real issue is not who possesses the computer but rather who has access to the computer’s memory. The computer memory is akin to a file cabinet. Clearly, plaintiff could have access to the contents of a file cabinet left in the marital residence. In the same fashion she should have access to the contents of the computer. Plaintiff seeks access to the computer memory on the grounds that defendant stored information concerning his finances and personal business records in it. Such material is obviously subject to discovery. Therefore, it is determined that plaintiff did nothing wrong by obtaining the physical custody of the notebook computer.
Accordingly, it is ordered that:
(1) At a mutually agreeable time, the parties shall appear with their computer experts at the courthouse, or mutually agreeable location, for the purpose of downloading all the memory files contained in the computer. Obviously, if defendant furnishes his passwords the process will be expedited. (The court notes that this process is very similar to the commonly undertaken inventory of a safe-deposit box.)
(2) Once the material is downloaded the originals shall be deposited with the court. A list will be generated as to the *323 nature of the documents. The list shall be given to both counsel. Defendant’s counsel may review copies of the resulting downloaded documents to determine if defendant wants to make a claim that any of the materials are subject to the attorney-client privilege. If he wants to make such a claim it must be done by motion within 10 days of the completion of the downloading process.
(3) If a motion for a protective order is not made within the time limit, then all the material shall be turned over to plaintiffs counsel. Obviously, as to those documents on which there are no claims of privilege, they shall be immediately turned over to plaintiffs counsel.
(4) Once the downloading process is completed, the computer, itself, may be returned to Citibank.
In all other aspects the applications are denied.